# EXHIBIT A

**WEST POINT, NEW YORK**

## I.  Oath of Allegiance

I, TODD ANDREW CATELOTTI ......................................................... 9152
  (full name)                                             (social security number)

do solemnly swear that I will support the Constitution of the United States, and bear true allegiance to the National Government; that I will maintain and defend the sovereignty of the United States, paramount to any and all allegiance, sovereignty, or fealty I may owe to any State or Country whatsoever; and that I will at all times obey the legal orders of my superior officers, and the Uniform Code of Military Justice.

## II.  Agreement to Serve

I, having been appointed a cadet of the United States Military Academy, do hereby agree, with the consent of my parents or guardian if I am a minor:

    a.  To complete the course of instruction at the United States Military Academy;

    b.  If tendered an appointment as a commissioned officer in one of the armed services upon graduation from the United States Military Academy, to accept such appointment and to serve under such appointment on active duty for not less than six consecutive years immediately after such appointment: if my initial appointment hereunder is in a Reserve Component, to accept a commission in a Regular Component if subsequently tendered during the six consecutive years immediately after my initial appointment, and to serve on active duty for the remainder of such period under such appointment.

    c.  If I am permitted to resign my commission in a Regular Component of one of the Armed Services prior to the eighth anniversary of my graduation, to accept an appointment as a commissioned officer in a Reserve Component of one of the Armed Services and remain therein until such eighth anniversary.

    d.  To serve a total of eight (8) years from graduation from the United States Military Academy. Any part of that service not completed on active duty must be served in a Reserve Component (not on active duty), unless I am discharged from the Reserve Component by proper military authority.

    e.  That if I fail to complete the course of instruction of the United States Military Academy or decline to accept an appointment as a commissioned officer, I will serve on active duty as specified in paragraphs 1.b. through 1.g., which are contained in the Statement of Policies on the next page;

    f.  That if I voluntarily fail, or because of misconduct fail, to complete the period of active duty specified in paragraphs IIb, c, d or e above, I will reimburse the United States in an amount that bears the same ratio to the total cost of advanced education provided me as the unserved portion of active duty bears to the total period of active duty I have agreed to serve;

    g.  Further, that if I am separated from the United States Military Academy for breach of contract, as defined in paragraph 1.g. (3), Statement of Policies on the next page, and the Army decides that I should not be ordered to active duty at all because such service would not be in the best interests of the Army, I shall be considered to have either voluntarily or because of misconduct failed to complete the period of active duty and may be required to reimburse the United States as described above;

    h.  For the purpose of this paragraph:

      (1) The term "voluntarily fail" includes, but is not limited to, failure to complete the period of active duty because of conscientious objection, because of resignation from the United States Military Academy or United States Army, and marriage while a cadet.

      (2) The term "because of misconduct" includes, but is not limited to, termination by the United States Army of my service because of homosexuality, criminal conduct, conduct violating the Cadet Honor Code, conduct deficiency under the Cadet Disciplinary System, conduct violating regulations for the discipline of the Corps of Cadets.

      (3) The term "course of instruction" is synonymous with the term "educational requirements" as that term is used in 10 USC 2005.

## III. Marital Status

I am unmarried. Furthermore, I understand that a cadet who marries prior to graduation will be separated from the United States Military Academy.

My signature constitutes the taking of the Oath of Allegiance, execution of the Agreement to Serve; my affirmation as to my marital status, and my acknowledgment that I have read, understand, and agree to abide by the Statement of Policies on the next page.

_____
(sign your full name as it appears in paragraph I above)

Sworn to and subscribed before me at West Point, New York, this 28th day of June, nineteen hundred and ninety three.

_____

CHRISTOPHER MURPHY CPT, JA

USMA FORM 5-50 (Previous editions are obsolete) 3 June 93

# EXHIBIT B

## Statement of Policies

1.    Department of Defense Directive 1332.23, dated 19 February 1988, as implemented by Army regulations, provides the following direction concerning separation of cadets prior to completion of the course of instruction or subsequent to graduation on refusal to accept an appointment as a commissioned officer.

a.    A cadet who enters the United States Military Academy (USMA) directly from civilian status assumes a military service obligation of eight years (10 USC 651).

b.    A cadet who is separated from the USMA because of demonstrated unsuitability, unfitness, or physical disqualification for military service will be discharged in accordance with the applicable Army regulations. Where such a discharge is caused by voluntary action or misconduct on the part of a cadet subject to an active duty obligation, the reimbursement provision of paragraph IIf of the Agreement to Serve will apply.

c.    A cadet who enters the USMA directly from a civilian status or from the United States Military Academy Preparatory School (USMAPS) as an Invitational Reservist and resigns or is separated from the USMA prior to the commencement of the Second Class academic year will be discharged. A resignation tendered by a Fourth or Third Class cadet will be accepted when found to be in the best interest of the service. A cadet who tenders a resignation will be required to state a specific reason for the action.

d.    Except for cadets who entered USMA from USMAPS as Invitational Reservists, a cadet who entered the Military Academy from a Regular or Reserve Component of any military service and who resigns or is separated from the USMA prior to the commencement of the Second Class academic year will revert to his or her former status for the completion of any prior service obligation, except as noted in this subparagraph. Such a cadet who has no remaining prior service obligation will be discharged. Such a cadet who entered the USMA from the Regular Army or any Reserve Component of the Army and who has at the time of separation a remaining prior service obligation of less than one year, may, upon the approval of the Secretary of the Army or his designee, be discharged with waiver of any prior service obligation. All service as a cadet is counted in computing the unexpired portion of the enlistment or period of obligated service.

e.    A cadet who has commenced his or her Second Class academic year and who resigns or is separated prior to completing the course of instruction, except for physical disqualification, unfitness, or unsuitability, will normally be transferred to a Reserve Component in an enlisted status and, if deemed to have breached his or her service agreement, may be ordered to active duty for not less than two years (10 USC 4348(b)). The Secretary of the Army or his/her designee, will retain final authority to order the individuals to active duty. Completion or partial completion of service obligation acquired by prior enlistment in no way exempts a separated cadet from being transferred to a Reserve Component and ordered to active duty under these provisions.

f.    Any First Class cadet who completes the course of instruction and declines to accept an appointment as a commissioned officer will be transferred to a Reserve Component in an enlisted status and ordered to active duty for four (4) years (10 USC 4348(b)).

g.    The foregoing provisions will be applied in accordance with the following guidance:

(1) The Second Class academic year shall be deemed to have commenced at noon on the first day of regularly scheduled classes in the new academic year; and,

(2) In cases where it is necessary to determine whether a cadet resigns or was separated prior to or following the commencement of the Second Class year, the critical date is the date that action is initiated, either by the cadet or by authorities at the USMA.

(3) "Breach of service agreement" includes separation resulting from resignation, from any of the bases for separation listed in Table 1, Regulations for the United States Military Academy, including all additions to Table 1 subsequent to the date of this agreement, or from other willful acts or omissions (paragraph 10.20, Regs USMA).

2.    Normally, all graduates of the USMA will be commissioned in the Army. Approval by the Secretary of the Army for a graduate to be commissioned in another service will be granted only when such an appointment is considered to be in the best interest of the Army and the other service concerned.

3.    Any First Class cadet who resigns for any reason or is separated for deficiency in studies or for marriage and who is commissioned in the USAR under provisions of paragraph 9.03f, Regulations for the United States Military Academy, may:

(1) Be commissioned in the USAR for service with a Reserve Component unit. There will be an eight year obligation associated with this appointment; or

(2) After receipt of a baccalaureate degree, be commissioned in the USAR and compete with Reserve Officer Training Corps graduates for active duty or active duty for training. The military service obligation for those selected for active duty under this provision will be eight years, three of which will be on active duty.

No such appointment in a commissioned grade in the USAR will be prior to the date of graduation of the class of which the individual concerned was a member at the time of resignation or separation from the USMA.

# EXHIBIT C

C11  6 February  1986

TABLE 1

| NATURE OR SEPARATION | STANDARDS | PROCEDURES |
|---|---|---|
| Misconduct | Para 8.04-8.12, Regs USMA | USMA Reg 1-10; Para 10.09, 10.12, Regs USMA |
| Honor | Para 8.13, Regs USMA | Chapter 2 USCC PAM 15-1; Para 10.10, 10.12, Regs USMA |
| Conduct Deficiency | Para 8.14, 10.11. Regs USMA; Chapter 4, USCC Reg 351-1 | Chapter 5, USCC Reg 351-1; Para 8.14, 10.11 10.12, Regs USMA |
| Marriage or Child Support Obligation | Para 10.04a, Regs USMA | Para 10.04b, Regs USMA |
| Extended Unauthorized Absence | Para 10.07, Regs USMA | Para 6.09, 10.07, Regs USMA |
| Failure to Make Satisfactory Progress in a Weight Control Program (C12, 6 Aug 87) | Para 10.21a USMA(C12, (C12, 6 Aug 87) | Para 10.21b Regs USMA (C12, 6 Aug 87) |
| Repeated Failure of the 10.24b Cadet Physical Fitness Test | Para 10.24a Regs USMA | Para ( ) Regs USMA (C20, 29 Apr 93) |
| Homosexual Conduct | Para 10.25 REGS USMA | USMA REG 1-10 Para 10.09, 10.12 REGS USMA (C22, 23 Sep 94) |

REPRINT OCTOBER 1995

# EXHIBIT D

**Army Regulation 210–26**

Installations

# United States Military Academy

**Headquarters
Department of the Army
Washington, DC
26 July 2002**

**UNCLASSIFIED**

# *SUMMARY of CHANGE*

AR 210-26
United States Military Academy

This new regulation--

o  Consolidates and incorporates information contained in Regulations for the
   United States Military Academy, including changes 1 through 23.

o  Contains required correspondence formats (app B).

o  Contains policy concerning interment and inurnment in the West Point Cemetery
   (app C).

Headquarters
Department of the Army
Washington, DC
26 July 2002

**Army Regulation 210–26**

**Effective 26 August 2002**

**Installations**

# United States Military Academy

By Order of the Secretary of the Army:

ERIC K. SHINSEKI
*General, United States Army*
*Chief of Staff*

Official:

*Joel B. Hudson*

JOEL B. HUDSON
*Administrative Assistant to the*
*Secretary of the Army*

**History.** This printing publishes a new regulation.

**Summary.** This regulation incorporates existing direction and guidance from the Secretary of the Army for the general governance and operating policies of the United States Military Academy, previously contained in Regulations for the United States Military Academy, 5

January 1979, including changes 1 through 23.

**Applicability.** This regulation applies to major Army commands and Headquarters, Department of the Army agencies of the Active Army, and the U.S. Army Reserve. This regulation also applies to those individuals assigned, appointed, or detailed to the United States Military Academy.

**Proponent and exception authority.** The proponent agency of this regulation is the Deputy Chief of Staff, G–1. The Deputy Chief of Staff, G–1 has the authority to approve exceptions to this regulation that are consistent with controlling law and regulation. The Deputy Chief of Staff, G–1 may delegate this approval authority, in writing, to a division chief within the proponent agency in the grade of colonel or the civilian equivalent.

**Army management control process.** This regulation contains management control provisions but does not identify key

management controls that must be evaluated.

**Supplementation.** Local limited supplementation of this regulation is permitted but is not required. If supplements are issued, Army Staff agencies and major Army commands will furnish one copy of each to HQDA (DAPE–MPO) Washington, DC 20310–0300; other commands will furnish one copy of each to the next higher headquarters.

**Suggested Improvements.** The proponent agency of this regulation is the Office of the Deputy Chief of Staff, G–1. Users are invited to send comments and suggested improvements on DA Form 2028 (Recommended Changes to Publications and Blank Forms) directed to HQDA (DAPE–MPO) Washington, DC 20310–0300.

**Distribution.** This publication is available in electronic media only and is intended for command level D for the Active Army and the U.S. Army Reserve.

**Contents** (Listed by paragraph and page number)

**Chapter 1**
**Introduction,** *page 1*

*Section I*
*General, page 1*
Purpose • 1–1, *page 1*
References • 1–2, *page 1*
Explanation of abbreviations and terms • 1–3, *page 1*
Responsibilities • 1–4, *page 1*
Mission • 1–5, *page 1*
Administration and supervision • 1–6, *page 1*

*Section II*
*Responsibilities, page 2*
General • 1–7, *page 2*
Secretary of the Army • 1–8, *page 2*
Chief of Staff of the Army • 1–9, *page 3*
Assistant Secretary of the Army, Manpower and Reserve Affairs • 1–10, *page 3*

**Contents—Continued**

Deputy Chief of Staff, G–1, Headquarters Department of the Army • 1–11, *page 3*
Director for Military Personnel Policy • 1–12, *page 3*
Superintendent, USMA • 1–13, *page 3*

*Section III*
*Departments of Instruction, page 4*
Organization • 1–14, *page 4*
Supervision • 1–15, *page 4*
Designation • 1–16, *page 4*

*Section IV*
*Academy Staff and Faculty, page 4*
General • 1–17, *page 4*
Superintendent, United States Military Academy • 1–18, *page 4*
Commandant of Cadets • 1–19, *page 5*
Dean of the Academic Board • 1–20, *page 5*
Director of Admissions • 1–21, *page 5*
Director of Intercollegiate Athletics • 1–22, *page 6*
Commandant of the United States Military Academy Preparatory School (USMAPS) • 1–23, *page 6*
Special staff positions, USMA • 1–24, *page 6*
Detail of officers • 1–25, *page 6*
Professor, USMA • 1–26, *page 6*
Academy Professor • 1–27, *page 7*
Civilian faculty • 1–28, *page 7*
Adjunct faculty • 1–29, *page 7*
Professional development of the faculty • 1–30, *page 7*
Academic rank • 1–31, *page 7*

*Section V*
*Boards, page 7*
Board of Visitors • 1–32, *page 7*
Policy Board • 1–33, *page 8*
Academic Board • 1–34, *page 8*

**Chapter 2**
**Cadet Leader Development,** *page 9*
Course of instruction • 2–1, *page 9*
Cadet Leader Development System • 2–2, *page 9*
General instructions • 2–3, *page 9*
Additional instruction, extra training, examinations, and evaluations • 2–4, *page 10*
Summer term program • 2–5, *page 10*

**Chapter 3**
**Admission and Readmission of Cadets,** *page 10*
Number of cadets and sources of appointment • 3–1, *page 10*
Congressional and Department of the Army nominations • 3–2, *page 10*
Time of nomination of candidates • 3–3, *page 11*
Impact on successor's nomination of failure of first class cadet • 3–4, *page 11*
General requirements for admission • 3–5, *page 11*
Determination of candidate qualification • 3–6, *page 11*
Readmission of former USMA cadets • 3–7, *page 12*
Admission of candidates who have attended other Service academies • 3–8, *page 12*
Special instructions for taking examinations • 3–9, *page 12*
Failure to report for examination • 3–10, *page 12*
Notification of appointment • 3–11, *page 12*

**Contents—Continued**

Place and date of admission • 3–12, *page 13*
Oath of Allegiance • 3–13, *page 13*
Agreement to serve • 3–14, *page 13*

**Chapter 4**
**Determining Cadet Standings,** *page 13*
Academic, military, and physical program standings • 4–1, *page 13*
Performance records • 4–2, *page 13*
Advancement to a higher class • 4–3, *page 13*
Deficient cadets • 4–4, *page 13*
Actions available for deficiency • 4–5, *page 14*
Disposition of medically disqualified cadets • 4–6, *page 14*

**Chapter 5**
**Graduation and Commissioning,** *page 14*
Authority to confer degree • 5–1, *page 14*
Authority to tender a commission in the U.S. Army Reserve • 5–2, *page 14*
Graduation and conferring of degree • 5–3, *page 14*
Commissioning and promotion • 5–4, *page 14*
Obligation to serve • 5–5, *page 15*
Graduation leave • 5–6, *page 15*

**Chapter 6**
**Misconduct, Honor, Disciplinary, and Other Grounds for Separation,** *page 15*

*Section I*
*General, page 15*
Uniform Code of Military Justice • 6–1, *page 15*
Courts-martial • 6–2, *page 15*
Apprehension and pre-trial restraint • 6–3, *page 16*
Punishments that may be awarded cadets • 6–4, *page 16*
Confidentiality of proceedings • 6–5, *page 16*

*Section II*
*Major Misconduct, page 17*
Drugs and narcotics • 6–6, *page 17*
Alcoholic beverages • 6–7, *page 17*
Sexual misconduct • 6–8, *page 17*
Conduct unbecoming a lady or gentleman • 6–9, *page 17*
Combinations among cadets • 6–10, *page 17*
Indebtedness • 6–11, *page 17*
Criminal conviction • 6–12, *page 17*
Hazing • 6–13, *page 17*
Other major misconduct offenses • 6–14, *page 18*
Procedures for processing major misconduct offenses • 6–15, *page 18*

*Section III*
*Honor and Discipline, page 18*
Violation of the Cadet Honor Code • 6–16, *page 18*
Cadet Disciplinary System • 6–17, *page 18*

*Section IV*
*Other Grounds for Separation, page 19*
Pregnancy at time of admission • 6–18, *page 19*
Drug or alcohol use detected during pre-accession testing • 6–19, *page 19*
Marriage or support obligation • 6–20, *page 19*

## Contents—Continued

Conscientious objection or refusal to perform duties that conflict with religious practices • 6–21, *page 19*
Extended unauthorized absence • 6–22, *page 20*
Personality disorder or lack of qualification for service • 6–23, *page 20*
Failure to make satisfactory progress in a weight control program • 6–24, *page 20*
Failure to maintain proper physical fitness • 6–25, *page 20*
Alcohol or other drug abuse rehabilitation failure • 6–26, *page 20*
Homosexual conduct • 6–27, *page 21*
Inability to meet the non-academic requirements of the Physical Program • 6–28, *page 22*
Inability to meet military training requirements • 6–29, *page 22*
Medically disqualified cadets • 6–30, *page 23*
Participation in the Academy Mentorship Program • 6–31, *page 23*
Academic, Military, Physical Program deficiency • 6–32, *page 23*

## Chapter 7
### Separations and Resignations, *page 24*
General • 7–1, *page 24*
Delegation of separation and discharge authority • 7–2, *page 25*
Action by the Superintendent • 7–3, *page 25*
Restriction on separation actions • 7–4, *page 25*
Unqualified resignations • 7–5, *page 25*
Qualified resignation—resignation in lieu of court-martial or involuntary separation • 7–6, *page 25*
Separation documents • 7–7, *page 26*
Consequences of separation or resignation • 7–8, *page 26*
Breach of service agreement and reimbursement of educational costs • 7–9, *page 26*

## Chapter 8
### Administration for Cadets, *page 28*
Pay and allowances • 8–1, *page 28*
Leave without pay and suspension of pay • 8–2, *page 28*
Cadet accounts • 8–3, *page 28*
Cadet budget • 8–4, *page 28*
Travel to and from the Academy • 8–5, *page 28*
Traveling expenses • 8–6, *page 29*
Settlement of accounts • 8–7, *page 29*
Leaves of absence • 8–8, *page 29*
Medical leave • 8–9, *page 29*
Grievances • 8–10, *page 29*
Cadet uniforms • 8–11, *page 29*

### Appendixes

A.  References, *page 30*

B.  Required Formats, *page 34*

C.  West Point Cemetery, *page 47*

### Table List

Table 7–1: Separations deemed to be a breach of service contract, *page 27*
Table 7–2: Delegation of separation and discharge authority, *page 27*

### Figure List

Figure 1–1: General Order No. 3, *page 2*
Figure B–1: Required format for unqualified resignations, *page 35*
Figure B–2: Required format for unqualified resignations, *page 36*
Figure B–3: Required format for qualified resignations, *page 38*

**Contents—Continued**

Figure B–3: Required format for qualified resignations—Continued, *page 39*
Figure B–4: Required format for qualified resignations, *page 40*
Figure B–4: Required format for qualified resignations—Continued, *page 41*
Figure B–5: Required format for resignation in lieu of court-martial, *page 42*
Figure B–5: Required format for resignation in lieu of court-martial—Continued, *page 43*
Figure B–6: Required format for resignation in lieu of court-martial, *page 44*
Figure B–6: Required format for resignation in lieu of court-martial—Continued, *page 45*
Figure B–7: Required format to request participation in the Academy Mentorship Program, *page 46*
Figure B–7: Required format to request participation in the Academy Mentorship Program—Continued, *page 47*

**Glossary**

# Chapter 1
## Introduction

## Section I
### General

### 1-1. Purpose
This regulation provides policy and procedures for the general governance and operation of the United States Military Academy (USMA).

### 1-2. References
Required and related publications and prescribed and referenced forms are listed in appendix A.

### 1-3. Explanation of abbreviations and terms
Abbreviations and special terms used in this regulation are explained in the glossary. Unless otherwise indicated, the following terms apply to this regulation:

  a. President or Vice President refers to the President or Vice President of the United States.

  b. Dean refers to the Dean of the Academic Board.

  c. Superintendent refers to the Superintendent, United States Military Academy.

  d. Commandant refers to the Commandant of Cadets.

  e. Department Head refers to the Head of a Department of Instruction.

### 1-4. Responsibilities
Responsibilities are listed in section II.

### 1-5. Mission
The mission of the USMA is to educate, train, and inspire the Corps of Cadets so that each graduate is a commissioned leader of character committed to—

  a. The values of Duty, Honor, Country.

  b. Professional growth throughout a career as an officer in the United States Army.

  c. A lifetime of selfless service to the Nation.

### 1-6. Administration and supervision
The USMA is under the immediate supervision and control of the Department of the Army (Section 4334(a), Title 10, United States Code (10 USC 4334(a)). It operates under the jurisdiction of the Chief of Staff, United States Army (Department of the Army, General Order No. 3, 10 February 1977). (See fig 1-1.) It is funded as a separate operating agency (DFAS–IN Manual 37–100).

**6–22. Extended unauthorized absence**

*a.* Cadets who without authority remain absent from the Military Academy for a period longer than 1 month will be dropped from the rolls of the Academy.

*b.* A cadet who has been dropped from the rolls may be separated from the Academy by following the steps below:

(1) A certified letter, return receipt requested, will be sent to the last known civilian address of record for the cadet concerned. The letter will notify the cadet or next of kin that if the cadet does not return to military control within 30 days, the cadet will be separated from the Military Academy, and the letter will convey the Superintendent's recommendation concerning discharge characterization.

(2) Cases of cadets who have not returned to military control within 30 days of the date on which the letter was receipted for may be forwarded to Department of the Army for immediate separation.

*c.* Cases of cadets who return to military control within the 30 days may be processed as appropriate in accordance with this regulation.

**6–23. Personality disorder or lack of qualification for service**

A cadet who exhibits behavior or characteristics that make retention undesirable may be separated from the Military Academy. Specific bases for separation under this paragraph include the following:

*a.* A personality disorder (not amounting to disability allowing medical separation) that interferes with assignment to or the performance of duty, when diagnosed as being a deeply ingrained maladaptive pattern of behavior of long duration that interferes with the cadet's ability to perform duty, so severe that the cadet's ability to function effectively in the military environment is significantly impaired. The diagnosis of personality disorder must have been established by a psychiatrist, doctoral-level clinical psychologist or doctoral-level clinical social worker privileged to conduct mental health evaluations for DOD components. Mental health evaluations will be conducted by such persons in accordance with DODD 6490.1 and DODI 6490.4.

*b.* Demonstrated lack of qualification for further service as a cadet or as an officer in the U.S. Army, based on factors such as, but not limited to, the following:

(1) The cadet cannot or will not adapt socially or emotionally to military life.

(2) There is a reasonable probability the cadet will not meet the minimum standards prescribed for successful completion of the course of instruction because of lack of aptitude, ability, motivation, or self-discipline.

(3) The cadet has demonstrated character or behavior characteristics not compatible with satisfactory continued service as a cadet or as an officer in the United States Army.

*c.* The fact that such behavior or characteristics, or manifestations thereof, may constitute or support specific grounds for punishment or separation under other provisions of this regulation does not preclude separation action under this paragraph.

*d.* Prior to forwarding a recommendation for separation under this paragraph to Department of the Army, the cadet concerned will be afforded a hearing in the same manner as for cases of misconduct. This hearing will also consider whether the basis for separation resulted from a willful act or omission on the part of the cadet (para 7–9*b*).

**6–24. Failure to make satisfactory progress in a weight control program**

*a.* A cadet, with no underlying or associated disease process, who fails to make satisfactory progress in a weight control program, or following removal from a weight control program, exceeds the screening table weight and the body fat standard contained in AR 600–9, may be separated from the Military Academy.

*b.* Prior to initiation of separation action, the Commandant will prepare a letter that states that separation proceedings are being considered. All documentation that provides the basis for the determination of failure to make satisfactory progress in a weight control program will be attached to this letter. The Commandant will consider the cadet's response to this letter prior to forwarding a recommendation for separation to the Superintendent.

**6–25. Failure to maintain proper physical fitness**

*a.* The provisions of AR 350–41 pertaining to physical fitness as measured by the Army Physical Fitness Test are applicable to cadets at the Military Academy. A cadet who fails to meet the Army Physical Fitness Test standards and conditions as outlined in AR 350–41 may be separated from the Military Academy.

*b.* Prior to initiation of separation action, the Commandant will prepare a letter that states that separation proceedings are being considered. All documentation that provides the basis for the determination of failure to maintain proper physical fitness will be attached to this letter. The Commandant will consider the cadet's reply prior to forwarding a recommendation for separation to the Superintendent.

**6–26. Alcohol or other drug abuse rehabilitation failure**

*a.* A cadet who is determined to be a rehabilitation failure in the Army Substance Abuse Program (ASAP) may be separated from the Military Academy. The separation is based on alcohol or other drug abuse when the member is enrolled in an alcohol or drug abuse rehabilitation program and the Commandant makes an initial determination that

6–32a, may be separated from the Academy pursuant to paragraphs 6–24, 6–25, 6–28, and 6–29 of this regulation, as appropriate.

## Chapter 7
## Separations and Resignations

### 7–1. General
An officer appointed as the result of graduation from the USMA will incur a military service obligation (MSO) of 8 years.

a. Rules concerning separation of cadets prior to completion of the course of instruction, or upon refusal after graduation to accept an appointment as a commissioned officer are contained in the following references:

(1) DOD Instruction 1304.25.

(2) DOD Directive 1332.23.

(3) Army Regulation 612–205.

b. A brief overview of these rules is presented below. For a complete exposition of all applicable rules see the references listed above.

(1) Cadets who enter the USMA directly from a civilian status:

(a) Assume an MSO of 8 years when they enter the Academy (Section 651, Title 10, United States Code (10 USC 651); DOD Instruction 1304.25; and DOD Directive 1332.23).

(b) Have no active duty service obligation and will be discharged, with their MSO waived, if they resign or are separated from the Academy prior to the commencement of term 1 of their second class year.

(c) Have an MSO equivalent to the period for which they are ordered to serve on active duty or in a Reserve component in an enlisted status, if they resign or are separated after the commencement of term 1 of their second class year, but before completing the COI. They may be ordered to active duty for a period of not less than 2 years, but no more than 4 years.

(2) Cadets who entered the Military Academy from a Regular or Reserve component of any military Service:

(a) Assume an MSO of 8 years when they enter the service pursuant to an enlistment contract, to include admittance to the United States Military Academy Preparatory School (10 USC 651; DODI 1304.25; and DODD 1332.23). Those cadets who enter USMA from USMAPS as invitational reservists will be processed in accordance with AR 612–205, table 3.

(b) Have an MSO equal to the time not served on the original enlistment contract, with all service as a cadet counted as service under that contract, if they resign or are separated from the Academy prior to the commencement of term 1 of their second class year. Those cadets with less than 1 year remaining in the original enlistment contract may have their remaining MSO waived and may be discharged on the approval of the resignation or separation by the separation authority.

(c) Have an MSO equivalent to that set forth in paragraph 7–1b(1)(c) or paragraph 7–1b(3)(a), or that will be equal to the time not served on the original enlistment contract (with credit for cadet time served), whichever period is longer, if they resign or are separated after the commencement of term 1 of their second class year, but before completing the COI.

(d) Completion or partial completion of an MSO acquired by prior enlistment in no way exempts a separated cadet from being transferred to a Reserve component and ordered to active duty.

(3) All cadets regardless of entrance source.

(a) First class cadets who complete the COI and decline to accept an appointment as a commissioned officer will be transferred to the Reserve component in an enlisted status and ordered to active duty for 4 years (10 USC 4348(b)).

(b) Cadets who resign or are separated, and who are, for reasons of unsuitability, unfitness, or physical disqualification, not suited for enlisted service will be discharged.

(c) Cadets who tender a resignation will be required to state a specific reason for their action.

(d) A resignation may be accepted when found to be in the best interests of the service.

c. The foregoing provisions will be applied in accordance with the following guidance:

(1) Term 1 of the second class year will commence at noon on the first day of regularly scheduled academic classes following the summer training period. As an exception, the second class year for a cadet who is designated a potential mid-year graduate will commence at noon on the first day of regularly scheduled classes in the term following the advancement of that cadet to the second class.

(2) In cases where it is necessary to determine whether cadets resign prior to or following the commencement of their second class year, the critical date is the date the resignation action is initiated by the cadet.

(3) In cases in which the Academy discovers an incident giving rise to separation in one academic year, but separation is not initiated (or a resignation in lieu of the same is not forwarded by the chain of command) until the

following year, the separation action will be deemed to have been "started" on the date of discovery for purposes of computing the service obligation and pay grade under AR 612–205, table 3.

## 7–2. Delegation of separation and discharge authority

*a.* The Superintendent, USMA, is delegated the authority to separate from the Military Academy, prior to the commencement of term 1 of their second class year, cadets who have no prior service obligation remaining and to discharge such cadets from the Army with issuance of an Honorable Discharge Certificate pursuant to paragraphs 6–18 through 6–22, 6–24, 6–25, 6–28 through 6–30, 6–32, and 7–5 through 7–6 of this regulation, unless such cadets entered USMA from a military service other than the Army, in which case they will be transferred to their parent service upon separation under this paragraph.

*b.* The Superintendent, USMA, is delegated the authority to separate from the Military Academy, prior to the commencement of term 1 of their second class year, cadets who entered the Academy from the Regular or Reserve component of any military service and who have a prior service obligation remaining at the time of their separation pursuant to paragraphs 6–18 through 6–22, 6–24, 6–25, 6–28 through 6–30, 6–32, and 7–5 through 7–6 of this regulation, and to then dispose of the case under the provisions of paragraph 7–1*b*(2) of this regulation. Cadets who entered the Military Academy from a military service other than the Army will be transferred to their parent service upon separation from the Military Academy.

## 7–3. Action by the Superintendent

*a.* The summarized record of a proceeding before a Misconduct Hearing, Honor Investigation Hearing, or Conduct Investigation will be reviewed by the Staff Judge Advocate. A copy of the summarized record, along with the Staff Judge Advocate's review, will be forwarded to the Commandant of Cadets for consideration. Thereafter, the record, the recommendations and comments of the Commandant, if any, and the Staff Judge Advocate's review will be provided to the respondent for consideration and an opportunity for rebuttal. The Superintendent will review the entire record, including the Staff Judge Advocate's review, the Commandant's recommendation, and any matters offered by the respondent prior to taking action on the case.

*b.* Except in cases where the Superintendent is the separation authority, all documents pertinent to the separation of a cadet from the Academy will be forwarded to Headquarters, Department of the Army, for final action. The Superintendent will make recommendations concerning separation from the Academy and discharge from the Service. If discharge is recommended, the type of discharge recommended will be specified.

## 7–4. Restriction on separation actions

No cadet will be considered for separation pursuant to this regulation because of conduct that has been the subject of judicial or administrative proceedings under this chapter when the results of those proceedings constitutes an acquittal, a determination tantamount to an acquittal, or a final administrative determination not substantiating the allegation or issue upon which the subsequent action is based. These limitations are not applicable when—

*a.* There has been a finding of not guilty by a court-martial, and the subsequent action is initiated under the Cadet Honor System; or

*b.* It is discovered that the proceedings were tainted by fraud or collusion, or by like misconduct by a board member, or if substantial new incriminating evidence is discovered which, despite the exercise of due diligence, was not available to the Board before it reached its decision.

## 7–5. Unqualified resignations

*a.* Except as provided in paragraphs 7–5*d* and 7–6 of this regulation, a cadet may submit an unqualified resignation from the Military Academy at any time, and will, upon acceptance by the Superintendent or Headquarters, Department of the Army, as appropriate, be separated in accordance with the applicable procedures established by this regulation.

*b.* When the Superintendent is the separation authority, a cadet may withdraw, with the Superintendent's approval, his or her resignation at any time until acted upon by the Superintendent. Otherwise, a cadet may withdraw his or her resignation upon approval of the Superintendent until such time as it is forwarded to Headquarters, Department of the Army. Thereafter, it may be withdrawn only upon the approval of Headquarters, Department of the Army.

*c.* Each letter of unqualified resignation will comply with the format at figure B–1 or B–2. Statements in the cadet's behalf may be appended to the letter of unqualified resignation.

*d.* If charges have been preferred against a cadet under the UCMJ, or if allegations against a cadet have been referred to a hearing before a Misconduct Hearing, Honor Hearing, or Conduct Investigation, an unqualified resignation may not be submitted (para 7–6).

## 7–6. Qualified resignation—resignation in lieu of court-martial or involuntary separation

*a.* If charges have been preferred against a cadet under the UCMJ or separation proceedings against a cadet have been initiated for misconduct, honor, or conduct under this regulation, the cadet concerned may resign in lieu thereof. Such resignations may be submitted at any time prior to final separation approval.

*b.* A cadet may withdraw his or her resignation upon approval of the Superintendent until such time as it is

forwarded to Headquarters, Department of the Army. Thereafter, it may be withdrawn only upon the approval of Headquarters, Department of the Army.

c. Each letter of resignation submitted pursuant to this paragraph will comply with the format at figure B–3 or B–4, or at figure B–5 or B–6, as appropriate. Statements in the cadet's behalf may be appended to the letter of resignation.

d. Prior to submitting a letter of resignation in lieu of administrative separation pursuant to misconduct, honor, or conduct proceeding under this regulation, the cadet will be afforded the opportunity to consult with legal counsel. Upon request, the Staff Judge Advocate will appoint military counsel. Civilian counsel may be retained at the cadet's own expense. If the cadet concerned does in fact consult with counsel, the letter of resignation will so acknowledge, and it will include a statement signed by military or civilian counsel that counsel has advised the cadet of the meaning and effect of the discharge and his or her rights with respect to the action contemplated. Otherwise, the letter of resignation will acknowledge that the cadet was afforded the opportunity to consult with counsel.

e. Prior to submitting a letter of resignation in lieu of trial by court-martial or in lieu of final disposition of the results of a trial by court-martial, the cadet will consult with legal counsel provided by the U.S. Army Trial Defense Service. Civilian counsel may be retained at the cadet's own expense. The letter of resignation will acknowledge that the cadet did in fact consult with counsel, and it will include a statement signed by military or civilian counsel that counsel has advised the cadet of the meaning and effect of the discharge and his or her rights with respect to the action contemplated.

## 7–7. Separation documents

a. Separation documents issued to cadets administratively separated will be of the following types:

(1) DD Form 256A (Honorable Discharge Certificate).

(2) DD Form 257A (General Discharge Certificate (Under Honorable Conditions)).

(3) Discharge under other than honorable conditions may be issued if discharge is pursuant to a resignation in lieu of court-martial.

(4) Entry-level separation.

b. A cadet who has been separated and discharged under any provision of this regulation normally will be issued an honorable or general discharge certificate unless Headquarters, Department of the Army, determines that the facts and circumstances of the case warrant issuance of a discharge of lower character.

c. Normally, a cadet who enters the Academy from civilian status, who, within 180 days of entering the Academy, (that is, taking the required oath), resigns or has separation action initiated against him or her, will be given an entry-level separation and this service will be uncharacterized.

d. Record of disenrollment. Upon receipt of a request from a DOD agency for information concerning a cadet disenrolled from the United States Military Academy, a DD Form 785 (Record of Disenrollment From Officer Candidate-Type Training), will be completed by the Superintendent and returned directly to the requesting Service.

## 7–8. Consequences of separation or resignation

a. Former cadets of the Military Academy may not be originally appointed in a commissioned grade in any component of the Army before their West Point classmates are graduated and appointed as officers.

b. Except when otherwise required by law or DOD directives or regulations, former cadets of the Military Academy who did not graduate from the Military Academy may not be credited, upon original appointment as commissioned officers of any component of the Army, with longer service than that credited to any member of their West Point class, whose service in the Army has been continuous since graduation.

## 7–9. Breach of service agreement and reimbursement of educational costs

a. Cadets who resign from the Military Academy, or who are separated from the Academy under the procedures contained in table 7–1, will be deemed to have breached their service agreement.

b. Cadets separated from the Military Academy under procedures other than those contained in table 7–1 may be deemed by the Superintendent to have breached their service agreement if the cadet's failure to meet the standards for continued attendance at USMA or for commissioning resulted from a willful act or omission.

(1) For Academic, Military, or Physical Program failures, the determination of a willful act or omission will be based on a recommendation of the Academic Board after the cadet has been advised of the basis for the contemplated separation and has had the opportunity to present, in writing, his or her rebuttal to the allegation of willful act or omission.

(2) For other failures, the determination of a willful act or omission will be based upon an investigation conducted under the provisions of AR 15–6. The Superintendent, upon recommendation of the Commandant, will appoint the investigating officer. The report of the investigating officer will be processed in accordance with paragraph 7–3, prior to action by the Superintendent.

c. A cadet who voluntarily, or because of misconduct fails to complete the period of active duty service specified by the Secretary in the cadet's agreement to serve may be required to reimburse the Government for educational costs pursuant to Section 2005, Title 10, United States Code (10 USC 2005) and implementing regulations. If the Secretary

determines that such active duty service is not in the best interests of the Army, the cadet will be considered to have failed to complete the period of active duty and may be required to reimburse the government for educational costs.

  *d.* A cadet who may be subject to this reimbursement requirement will be advised, in writing, of such requirement before—

  (1) Submitting a request for voluntary resignation; or

  (2) Making a decision on a course of action regarding personal involvement in administrative or judicial action resulting from alleged misconduct.

  *e.* When the Superintendent recommends reimbursement of educational costs and the cadet disputes the validity of the debt, the Superintendent is authorized to appoint an investigating officer to hear evidence concerning the validity of the debt under 10 USC 2005(g)(1).

**Table 7–1**
**Separations deemed to be a breach of service contract**

| Nature of separation | Standards | Procedures |
|---|---|---|
| Conduct deficiency | Para 6–17, this regulation | See local regulations; paras 6–17 and 7–3, this regulation |
| Extended unauthorized absence | Para 6–22, this regulation | Para 6–22b, this regulation |
| Homosexual conduct | Para 6–27, this regulation | See local regulations; Paras 6–27b–f and 7–3, this regulation |
| Honor | Para 6–16, this regulation | See local regulations; Paras 6–16 and 7–3, this regulation |
| Marriage or support obligation | Para 6–20, this regulation | Para 6–20b, this regulation |
| Misconduct | Paras 6–9 through 6–19, this regulation | See local regulations;Paras 6–5 and 7–3, this regulation |
| Conscientious objection or refusal to perform duties that conflict with religious practices | Para 6–21, this regulation | Para 6–21, this regulation |
| Failure to maintain physical fitness standards in accordance with AR 350–41 | Para 6–25, this regulation | Para 6–25, this regulation |
| Failure to meet army weight and body composition standards or make satisfactory progress in a weight control program in accordance with AR 600–9 | Para 6–24, this regulation | Para 6–24b, this regulation |

**Table 7–2**
**Delegation of separation and discharge authority**

| Rule | If separation will occur | and the cadet | and the military service obligation is | and the cause for separation is | the separation authority is | and the discharge authority is |
|---|---|---|---|---|---|---|
| 1 | before commencement of term 1 of the second class year (junior year) | entered USMA from civilian status | waived (automatic) | Paras 6–18, 6–20, 6–21, 6–22, 6–24, 6–28, 6–29, 6–30, 6–32, 7–5, and 7–6 | Superintendent, USMA[1] | Superintendent, USMA, provided an Honorable Discharge Certificate is issued |
| 2 | Same as above | Entered USMA from USMAPS as an invitational reservist[2] | Waived (automatic) | Same as above | Same as above | Same as above |
| 3 | Same as above | Entered USMA from any Active or Reserve component of any military Service | Less than 1 year | Same as above | Same as above | Same as above and the Superintendent decides to waive the remaining MSO |
| 4 | Same as above | Entered USMA from an Active or Reserve component of any military Service | 1 year or more | Same as above | Same as above | Secretary of the Army, Return to former status for completion of MSO unless the Secretary determines otherwise |

**Table 7–2**
**Delegation of separation and discharge authority—Continued**

| Rule | If separation will occur | and the cadet | and the military service obligation is | and the cause for separation is | the separation authority is | and the discharge authority is |
|------|--------------------------|---------------|----------------------------------------|----------------------------------|------------------------------|-------------------------------|
| 5 | After commencement of term 1 of the second class year (junior year) | Entered USMA from any source | Is in effect (all cases) | Any case under chapters 6 and 7 | Secretary of the Army[3,4] | Secretary of the Army |

Notes:

[1] The Secretary of the Army (SA) is the discharge authority for all cadet separation cases where an other than honorable discharge is recommended. The Deputy Chief of Staff, G–1 is delegated authority to take final action in cases involving third and fourth class cadets for honor violations, undesirable habits or traits of character, misconduct, and conduct deficiency.

[2] Invitational reservists are civilians invited to enlist in the USAR specifically to attend USMAPS (AR 140–111, para 2–8f)

[3] The Assistant Secretary of the Army (M&RA) is delegated the authority to separate first and second class cadets where separation and a call to active duty is recommended. If no call to active duty is recommended, first and second class cadets recommended for separation, except for medical separations, may be separated by DCS, G–1.

[4] The Director for Military Personnel Policy (DMPP) is delegated authority to take final action in medical separations of first and second class cadets.

# Chapter 8
# Administration for Cadets

## 8–1. Pay and allowances
*a.* Cadets at the USMA, to include foreign cadets, are entitled to receive monthly pay at the rate prescribed by law.
*b.* Cadets who request and are granted leave while awaiting final action on separation from USMA or discharge from the Service will receive no pay during the period of such leave.

## 8–2. Leave without pay and suspension of pay
*a.* Pursuant to the authority vested in the Secretary under 10 USC 702(b) and (e), the Superintendent may, in his discretion, immediately suspend, without pay, a cadet:
(1) Against whom final action is pending on a recommendation for involuntary separation or a resignation in lieu thereof,
(2) Who is pending return to the Academy to repeat an academic semester or year, or
(3) For other good cause to include when court-martial charges have been preferred.
*b.* The pay and allowances of all cadets who fail to return to the Military Academy at the expiration of their leaves of absence will be stopped and will not be provided to them unless they have been prevented from returning by sickness or some other unavoidable circumstance. In computing the amount of pay to be withheld, the day on which return was due will be counted as the first day of the unauthorized absence and the day of return as a day of duty, regardless of the hour.

## 8–3. Cadet accounts
*a.* The Treasurer, USMA will, with the prior written consent of cadets, keep an account for each cadet in which the Treasurer will credit the cadet with monthly pay, along with other revenues, and deduct charges in authorized amounts from the account. Proper records will be kept on file for all transactions on the accounts of cadets. The Treasurer will furnish each cadet an itemized statement of the cadet's account at the close of every settlement period.
*b.* The Treasurer will not pay money or receive deposits on account of any cadet without authority from the Superintendent.
*c.* Cadets will not be entitled to receive the balance of their cadet account, until graduated or otherwise separated from the Academy, unless so authorized by the Superintendent.

## 8–4. Cadet budget
*a.* Subject to the approval of the Superintendent, the Treasurer will, beginning 1 July each year, budget cadets' accounts so that the cadets will have the funds necessary to meet their mandated expenditures.
*b.* A cadet who is separated and subsequently readmitted will, upon readmission, deposit with the Treasurer, an amount of money equal to the average balance of the cadet's class.

## 8–5. Travel to and from the Academy
*a.* Persons entering the Military Academy (who have taken the oath) are entitled to permanent change of station allowances as prescribed for commissioned officers for travel actually performed, not to exceed the official distance between the place that is certified as the actual permanent place of domicile, school, or duty station at the time such travel commenced and the USMA. The mileage allowance payable to foreign cadets for travel to the Academy for